**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000757
30-JUN-2025
07:47 AM
Dkt. 73 SO**

NO. CAAP-22-0000757


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


SHERRI R. FROST and LARRY FROST,
Plaintiffs-Appellants,
v.
ASSOCIATION OF APARTMENT OWNERS OF PUʻU POʻA
(by and through its Board of Directors);
HAWAIIANA MANAGEMENT COMPANY, LTD.; and ANN ROSS,
Defendants-Appellees,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; DOE LIMITED LIABILITY
COMPANIES 1-10; DOE DOMESTIC NONPROFIT CORPORATIONS 1-10; and
DOE GOVERNMENTAL ENTITIES, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CASE NO. 5CCV-20-0000058)


**SUMMARY DISPOSITION ORDER**
(By: Leonard, Acting Chief Judge, McCullen and Guidry, JJ.)

Plaintiffs-Appellants Sherri R. Frost (**Sherri**) and

Larry Frost (collectively, the **Frosts**) appeal from the Circuit

Court of the Fifth Circuit's (**circuit court**)[1]: (1) November 30,

_____

[1]      The Honorable Kathleen N.A. Watanabe presided.

2022 "Order Granting Defendant[-Appellee] Ann Ross' [(**Ross**)] Motion for Summary Judgment" (**Order**); and (2) February 21, 2024 "Final Judgment Dismissing with Prejudice All Claims Against [Ross]" (**Judgment**).

This appeal arises out of a dispute between the Frosts and the Association of Apartment Owners of Pu'u Po'a (**AOAO**). The Frosts owned a ground-floor apartment in the Pu'u Po'a condominium complex. Ross served terms as President and Vice President of the AOAO Board of Directors (**AOAO Board**). In June 2020, the Frosts filed the operative "First Amended Complaint for Declaratory and Injunctive Relief" (**First Amended Complaint**), naming the AOAO, Hawaiiana Management Company, Ltd.,[2] and Ross as defendants, and challenging the AOAO Board's plan to assess all apartment owners equally for work to the lanais and atria of the second through fourth floor apartments. The Frosts contended, inter alia, that owner approval was required for the AOAO Board's expenditure of reserve funds for work performed on the lanais and atria because they were not common elements.

Ross moved for summary judgment on the ground that she was immune from personal liability pursuant to Hawaii Revised

---

[2] The AOAO and Hawaiiana Management Company, Ltd. are nominal appellees in this appeal.

Statutes (**HRS**) §§ 414D-149(f) (2004)[3] and 514B-106(a) (2018).[4] The circuit court granted summary judgment in favor of Ross, and dismissed all claims asserted by the Frosts against Ross. The Frosts appealed.

The Frosts raise a single point of error on appeal, contending that the circuit court erred in granting summary judgment in favor of Ross.[5] Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as follows.

---

[3] HRS § 414D-149(f) provides, in relevant part:

Any person who serves as a director to the corporation without remuneration or expectation of remuneration shall not be liable for damage, injury, or loss caused by or resulting from the person's performance of, or failure to perform duties of, the position to which the person was elected or appointed, unless the person was grossly negligent in the performance of, or failure to perform, such duties.

[4] HRS § 514B-106(a) states that "[i]n the performance of their duties, officers and members of the board shall owe the association a fiduciary duty and exercise the degree of care and loyalty required of an officer or director of a corporation organized under chapter 414D."

[5] The Frosts assert that discovery was not closed when the circuit court granted summary judgment. We note, however, that the Frosts did not request a continuance as permitted by Hawai'i Rules of Civil Procedure (**HRCP**) Rule 56(f). Therefore, any contention that the trial court abused its discretion in acting upon Ross' motion for summary judgment, and not continuing the hearing, has been waived. See Exotics Haw.-Kona, Inc. v. E.I. du Pont de Nemours & Co., 116 Hawai'i 277, 308-09, 172 P.3d 1021, 1052-53 (2007) (holding that a plaintiff who did not request a HRCP Rule 56(f) continuance cannot complain on appeal that the circuit court granted summary judgment based on the party's submissions). By the time that the Frosts filed their memorandum in opposition, it had been more than two years since they filed their First Amended Complaint and the circuit court was not obligated to sua sponte continue the hearing.

"On appeal, the grant or denial of summary judgment is reviewed de novo." Ralston v. Yim, 129 Hawai'i 46, 55, 292 P.3d 1276, 1285 (2013) (citation omitted). The court applies the following standard,

> [S]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. The evidence must be viewed in the light most favorable to the non-moving party. In other words, we must view all of the evidence and inferences drawn therefrom in the light most favorable to the party opposing the motion.

Id. at 55-56, 292 P.3d at 1285-86 (citation omitted).

The record reflects that Ross satisfied her burden of production. To support her assertion that she was immune from personal liability pursuant to HRS § 414D-149, Ross submitted her own declaration, as well as declarations from Jeffrey M. Frank (**Frank**) and Philip Justo (**Justo**). Ross also submitted a copy of the Bylaws of the AOAO, which were in effect during her tenure and defined the AOAO Board's duties. Ross stated that all of her actions as President and Vice President of the AOAO Board to approve owner modifications were carried out by and through the AOAO Board, and that she "did not take any unilateral action with respect to the [Frosts'] various requests to modify their unit." Ross also represented that she "did not enter into any personal contract with the [Frosts]."

Frank and Justo served as the AOAO Board President at different times, and their tenures coincided in part with the time that Ross served as Vice President. Both Frank and Justo confirmed that Ross did not take any unilateral action with respect to the Frosts' various requests to modify their unit, and that all actions to approve owner modifications were by and through the AOAO Board.

Through the above declarations, Ross established that the Frosts' requests were acted upon by the AOAO Board itself. See Ralston, 129 Hawaiʻi at 60, 292 P.3d at 1290 ("[A] summary judgment movant may satisfy his or her initial burden of production by either (1) presenting evidence negating an element of the non-movant's claim, or (2) demonstrating that the nonmovant will be unable to carry his or her burden of proof at trial.") (citations omitted). The burden then shifted to the Frosts to establish that they were challenging actions that Ross did not perform in her capacity as a Board officer, or that Ross' official actions were performed in a "grossly negligent" manner. See id. at 57-58, 292 P.3d at 1286-87. The Frosts did not satisfy this burden.

To dispute that Ross was entitled to immunity under HRS § 414D-149, the Frosts submitted a declaration from Sherri and a declaration from their counsel purporting to authenticate exhibits. Sherri stated she served on the AOAO Board alongside

Ross from April 2016 to October 2016, and that Ross had taken various "unilateral" actions. Sherri contended that, in 2016, Ross "unilaterally approved" a $4,000 payment via e-mail for contractor invoices for handrails for foot wash stations. Sherri further contended that, in 2015, Ross "unilaterally signed" contracts for work related to waterproofing and tiling for upper-floor owners' private lanais, in amounts exceeding $50,000, without taking a vote for owner approval. The Frosts introduced no evidence that Ross was acting in any capacity other than as the President, or that she was "grossly negligent" in taking these actions.

The Frosts further contended that Ross could be held personally liable to them for alleged retaliation by Ross to them personally. The Frosts claimed retaliation in conjunction with: (1) a replacement door project; (2) their requests to remove a pony wall and to install jalousies and a larger lanai slider within their unit; (3) their complaints of water intrusion from the upper floor atria; and (4) their requests for documents. The Frosts did not, however, produce any evidence, other than conclusory allegations, to support their contentions that Ross retaliated against them with regard to any of those projects or requests.

On this record, and for the foregoing reasons, we determine that the circuit court did not err in granting summary

judgment in favor of Ross.  We therefore affirm the November 30, 2022 Order, and the February 21, 2024 Judgment.

DATED: Honolulu, Hawai‘i, June 30, 2025

On the briefs:

Terrance M. Revere,
for Plaintiffs-Appellants.

Bradford F.K. Bliss,
for Defendants-Appellees.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge